UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 12-30014-JLT |
| | ) | |
| CHARLES BENOIT, | ) | |
| Defendant | ) | |

REPORT AND RECOMMENDATION WITH REGARD TO
GOVERNMENT'S MOTION FOR EXCLUDABLE DELAY (Document No. 60)
and DEFENDANT'S MOTION TO DISMISS (Document No. 63)
February 4, 2014

NEIMAN, U.S.M.J.

Presently before the court is the Government's motion for an order of excludable delay from February 2, 2013, through October 25, 2013, which motion has been referred to this court by District Judge Joseph L. Tauro (the "trial court") for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B).  The referral no doubt encompasses as well Defendant's counter-motion to dismiss the indictment, as set forth in his opposition to the Government's motion.  For the reasons which follow, the court will recommend that the Government's motion be allowed in part, since certain time is indeed excludable.  However, because the court believes that the Speedy Trial Act has been violated despite the exclusion of some of the time, it will recommend that Defendant's motion to dismiss be allowed, albeit without prejudice.

I. BACKGROUND

Defendant was indicted on May 3, 2012, charged with possession of child

1

pornography in violation of 18 U.S.C. § 2252(F). He was arraigned on May 8, 2012, at which time the court appointed Elaine Pourinski to represent him; that same day, the court temporarily detained Defendant but released him on certain conditions two days later. Little of note thereafter occurred until December 14, 2012, when the undersigned conducted a final status conference and issued a final status report to the trial court. (See Document No. 39.) The Final Status Report indicated that the parties would be exchanging expert disclosures by February 1, 2013, and that the trial court should schedule a pretrial conference for some time thereafter.

That same day, December 14, 2012, the court issued two Orders of Excludable Delay at the joint request of the parties, excluding from the Speedy Trial clock all time which had transpired from October 15, 2012, through February 1, 2013. (See Document Nos. 37 and 38.) The court had previously excluded, again at the joint request of the parties, the time from May 8, 2012, through October 15, 2012 (See Document Nos. 19 and 26.). None of that time is presently at issue. On the same day this court issued its Final Status Report, December 14, 2012, the referral of the case to it was terminated. (See Docket Entry No. 40.) There is also no dispute about this court's later exclusion of time from October 26, 2013 to date. Thus, the present dispute concerns only the time period from February 2, 2013, through October 25, 2013.

## II. SPEEDY TRIAL ACT STANDARDS

The Speedy Trial Act requires that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has

appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Speedy Trial Act also specifies several circumstances under which the court can exclude time from the seventy day limit, which exclusions are discussed below, so as to provide "necessary flexibility." *Zedner v. United States*, 547 U.S. 489, 497 (2006). If a defendant is not brought to trial within seventy days, taking into account excludable time, he may move to dismiss the indictment and the court must grant that motion. 18 U.S.C. § 3162(a)(2). Such a dismissal may be with or without prejudice. *Id.* "When an indictment is dismissed without prejudice, the prosecutor may of course seek -- and in the great majority of cases will be able to obtain -- a new indictment . . . ." *Zedner*, 547 U.S. at 499. In deciding whether a case should be dismissed with or without prejudice, a court, as required by the Speedy Trial Act, must consider a number of factors, including "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of [the Act] and on the administration of justice." 18 U.S.C. § 3162(a)(1). In addition, the court should consider the extent to which the delay may have prejudiced the defendant. *United States v. Franklin*, 630 F.3d 53, 58 (1st Cir. 2011). As the First Circuit noted, however, dismissal with prejudice is a "last and rare resort." *Id.* (quoting *United States v. Dessesaure*, 556 F.3d 83, 85 (1st Cir. 2009)).

### III. DISCUSSION

To repeat: the critical time period at issue runs from February 2, 2013, through October 25, 2013, much of which centers on motions filed but not ruled upon until significant time had elapsed. In determining how much time should be excluded from

the filing of those motions, the court has relied on *United States v. Barnes*, 159 F.3d 4 (1st Cir. 2001). Much like the situation here, *Barnes* specifically addressed motions requesting a conference, holding "that motions seeking nothing more than the scheduling of a conference must be acted upon within 30 days." *Id* at 12. The First Circuit explained: "Because a motion requesting only the scheduling of a status conference requires no 'hearing' -- marked by oral argument, factual findings, or legal rulings -- but involves merely the simple administrative act of setting a date, it must be resolved within 30 days of the date the Court has received all it expects to properly consider the request." *Id.* (citing *United States v. Rodriguez*, 63 F.3d 1159, 1165-66 (1st Cir. 1995).) Accordingly, all time exclusions for the motions filed here from February 1, 2013, through October 25, 2013, will be calculated with that thirty day limit in mind.

To be sure, under certain circumstances, a court may exclude more than thirty days for a pending motion, most particularly a motion for which a hearing is considered necessary by the court. Under that circumstance, the time from the filing date until the date of the motion hearing is excludable, as is thirty days thereafter while the motion is "under advisement." *See Henderson v. United States*, 476 U.S. 321, 330 (1986) ("We instead hold that Congress intended subsection (F) to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'"). The particular periods at issue and the court's findings with regard to those periods follow.

1.

On February 1, 2013, the Government filed, with the assent of defense counsel, a motion to extend time to February 15, 2013, for expert disclosures.  (Document No. 43.)  The filing of the Government's motion stopped the Speedy Trial clock as of February 1, 2013, and, at most, tolled time pursuant to section 3161(h)(1)(D) through March 2, 2013, even though the parties were only seeking an extension through February 15, 2013.

2.

On February 14, 2013, the Government filed another motion, again with the assent of defense counsel, to further extend time for expert disclosures until March 1, 2013.  (Document No. 44.)  The filing of the Government's motion stopped the Speedy Trial clock as of February 14, 2013, and tolled the time under section 3161(h)(1)(D) through March 16, 2013, again with a similar caveat as that noted above.

3.

On March 6, 2013, the Government filed a motion, with the assent of defense counsel, requesting yet another extension of time for expert disclosures.  (Document No. 45.)  Included within that motion was a request that the trial court set a hearing on the "ascertainment of counsel."  On January 7, 2013, Defendant himself wrote to the trial court complaining about his appointed counsel and asking for a new one. (Document No. 42.)  Similar motions with regard to the ascertainment of counsel were filed by the Government on March 19 and April 1, 2013.  (See Document Nos. 46 and 47.)  At the least, the time tolled under section 3161(h)(1)(D) for these events, together, would run through May 1, 2013.

4.

5

On May 3, 2013, defense counsel filed a motion to withdraw as attorney for Defendant.  (Document No. 49.)  This motion was not allowed by the trial court until July 12, 2013, a date beyond the thirty-day limit for Speedy Trial exclusion purposes, the motion having been allowed without a hearing.  Accordingly, the time may only be tolled through June 2, 2013.  In any event, as of July 12, 2013, Defendant no longer had an attorney representing him.

5.

On August 14, 2013, the Government filed a motion for a hearing regarding the ascertainment of substitute counsel.  (See Document No. 52.)  On August 30, 2013, the trial court referred this matter to this court for the appointment of counsel, and a status conference and hearing on the various outstanding motions was set for September 20, 2013.  The time tolled under section 3161(h)(1)(D) would run at least through September 20, 2013.

6.

On September 20, 2013, the court held a status conference and motion hearing regarding the appointment of Defendant's successor counsel.  This day is excludable for Speedy Trial purposes, as Defendant was present in court for the hearing regarding his need for successor counsel.  The court informed Defendant that it would appoint successor counsel.  Counsel was appointed, this court resumed its oversight of the case and set the matter down for a further conference on October 25, 2013.

The upshot of these six time periods means, in the least, that more than seventy days ran on the Speedy Trial clock from May 2, 2013, through September 19, 2013, as follows: one day in May (i.e., May 2, 2013) and another seventy-three days from June 2,

2013, through August 14, 2013.  Thus, even were the court to agree with the Government that the time from September 21, 2013, through October 24, 2013, *i.e.,* another thirty-four days, should be excluded so as to serve the "ends of justice" pursuant to 18 U.S.C. § 3161(h)(7)(A), seventy-four days would not have been excluded during the relevant time period, thereby requiring dismissal of the case.

To be sure, the Government argues that the entire period of February 1, 2013 through October 25, 2013 should be excluded.  Most particularly, the Government asserts not only that Defendant's written request for new counsel on January 7, 2013, should be deemed a motion, triggering an exclusion under section 3161(h)(1)(D), *see United States v. Louis*, 814 F.2d 852, 856-57 (2d Cir. 1987) (request for substitution of counsel deemed a motion despite "irregularities in the service and filing of the papers"), but an ends of justice exclusion under section 3161(h)(7)(A) as well as exclusion for the unavailability of the defendant under section 3161(h)(3)(A) are appropriate as well.  Similarly, the Government argues, the various motions to schedule a hearing on the ascertainment of counsel filed on March 6, 15, and April 1, 2013, should be considered pretrial motions under section 3161(h)(1)(D).

The court believes that some but not all of the time cited by the Government should be excluded.  For the reasons described, the court, for a variety of reasons, has excluded all but one day (May 2, 2013) through June 2, 2013, *i.e.*, thirty days after Defendant's counsel filed a motion to withdraw.  These exclusions were, in essence, non-discretionary.  The court is not persuaded, however, that further exclusions based on "ends of justice" and/or "unavailability of defendant" rationales, as the Government suggests, would be appropriate.

First, "'[e]nds of justice' continuances must be based on case-specific findings set forth in the record." *Troy v. United* States, 946 F.Supp. 2d 172, 179 (D.Mass. 2012) (citing *Zedner*, 547 U.S. at 506-07).  Here, however, there were no contemporaneous case-specific findings with regard to the critical period in question.  *See United States v. Mitchell,* 723 F.2d 1040, 1047 (1st Cir 1983) (district courts shall make "specific and reasonably contemporaneous statements of the reasons for any extended exclusions of time between filing and hearing . . . of pretrial motions.").  Moreover, as the First Circuit explained, "reasonableness serves as the touchstone of an 'ends of justice' analysis." *United States v. Barnes*, 251 F.3d 251, 256 (1st Cir 2001).  In the court's view, it would not be reasonable to apply the discretionary "ends of justice" exclusion here.  In the main, the various motions in play during the critical time period were run-of-the-mill requests for which no more than thirty days are to be excluded in a non-discretionary manner.  *United States v. Nunez-Javier*, 134 F.Supp 2d 236, 238 DPR 2001) ("The Speedy Trial Act does not permit unlimited delays, 'and the trial court has the responsibility to ensure that the length of an excludable continuance is reasonably related to the needs of the case.'") (quoting *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1197 (2d Cir 1989)).  The "ends of justice" exclusion simply does not apply.

The court is also not convinced that Defendant was "unavailable" as that term is used in 18 U.S.C. § 3161(h)(3).  As provided in section 3161(h)(3)(B), a defendant "shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial."  18 US.C. 3161(h)(3)(B).  This hardly describes the situation here.  Even

Defendant's apparently fraught relationship with his counsel, which the Government suggests should be taken into account, would not fit into the definition of unavailable. *Compare Patterson v. United States*, 2012 WL 2377436, *2-3 (D.Mass, June 25, 2012) (deeming defendants unavailable and explaining that "[i]t is manifest that [he] at all times was well aware that he was a wanted man and he did nothing of an affirmative nature to disclose the fact of his extended presence in the United States to the authorities.").

In the end, the responsibility for the violation of the Speedy Trial Act here must rest with the court as a whole.  There is no apparent reason on the record why significantly more than thirty days passed in the critical time period without any action on the court's part.  It may well be that the trial court assumed that this court was still assigned to the case and would address the motions as they were filed, but the reference to this court was withdrawn after the final status conference was held in mid-December of 2012.  Granted, the Government and/or Defendant might have made explicit to the trial court that Defendant's right to a speedy trial was in jeopardy; but they did file several motions indicating that the problem of Defendant's ongoing representation by counsel was at issue. That was enough of a warning signal to heed.

Relatedly, the instant matter did not entail the sort of "administrative mixup delay" unrelated to pretrial motions which might justify exclusions of time based on an ends of justice rationale.  *Compare United States v. McAfee*, 808 F.2d 862, 863-64 (1st Cir 1986).  As the First Circuit indicated in *United States v. McAfee*, 780 F.2d 143, 145 (1st Cir. 1985), which was ultimately reversed on the facts, "while the government's interest in avoiding the dismissal of indictments may motivate it to remind the court of possible

9

Speedy Trial Act violations lurking ahead, the primary responsibility for meeting the Act's requirements rests on the court." If anything, the First Circuit explained, "[t]he elimination of delays caused by court congestion and administrative red tape was a major, if not *the* major, concern of Congress in passing the Act." *Id* at 146 (emphasis in original); *see also United States v. Pringle*, 751 F.2d 419, 429 (1st Cir 1984) ("Not only must the court police the behavior of the prosecutor and the defense counsel, it must also police itself."). As the First Circuit later cautioned, "neither counsel nor district courts may employ measures for excluding time from the speedy trial clock that impermissibly frustrate the [Speedy Trial Act]'s purpose of protecting the shared interest of criminal defendants and the public in 'bringing criminal charges to the bar of justice as promptly as practicable.'" *United States v. Richardson*, 421 F.3d 17, 29 (1st Cir 2005) (quoting *United States v. Hastings*, 847 F.2d 920, 923 (1st Cir 1988)).

      As to whether the dismissal should be with or without prejudice, the court concludes that all relevant factors point towards dismissal *without* prejudice. First, the offense, possession of child pornography, is obviously serious, subject to significant penalties, including a requirement to register as a sex offender if convicted. Second, there is simply no evidence of bad faith or intentional delay on the part of the Government or, for that matter, Defendant himself. *See Franklin*, 630 F.3d at 58 (focus of court's facts-and-circumstances analysis should be on whether there was bad faith or culpability on the part of the Government). Rather, as described, the circumstances which caused much of the delay can be attributable to the court; the parties repeatedly sought to bring to the court's attention the question of Defendant's representation by counsel but to little avail, causing too much time to pass on the Speedy Trial clock.

Third, there is nothing in the facts or circumstances which suggests that the administration of justice would be impaired by a second prosecution. As the First Circuit explained, "the strongest argument against re-prosecution is prejudice to the defendant- most importantly, loss of witnesses or other impediments to obtaining a fair trial at a later date." *Dessesaure*, 556 F.3d at 86. Defendant does not even address such prejudice here. (See Document No. 63.) All but expert discovery has been completed, the case had been placed before the trial court, and new counsel has been appointed. Moreover, Defendant has been on pretrial release for the entire period of time.

IV. CONCLUSION

For the reasons stated, the court recommends that the Government's motion be allowed in part excluding all but seventy-four days of the Speedy Trial clock. Given the violation of the Speedy Trial Act, however, the court further recommends that Defendant's motion to dismiss the indictment be ALLOWED, but without prejudice.[1]

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378- 79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

DATED: February 4, 2014

                                        /s/ Kenneth P. Neiman
                                        KENNETH P. NEIMAN
                                        U.S. Magistrate Judge